UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALEXANDR PETROVICH STRICHARSKIY,<br><br>　　　　Defendant. | Case No. 1:18-cr-00255-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Alexandr Petrovich Stricharskiy's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 75. The Government has filed an opposition to Stricharskiy's Motion. Dkt. 77. Stricharskiy filed a reply soon after. Dkt. 78. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On January 15, 2020, after pleading guilty to distribution of methamphetamine, the Court sentenced Stricharskiy to 63 months of imprisonment with five years of supervised

MEMORANDUM DECISION AND ORDER - 1

release to follow. Dkt. 63. He is currently incarcerated at the United States Penitentiary in Yazoo City, Mississippi, and has an anticipated release date of September 24, 2023. Dkt. 75, at 2, 4.

On June 15, 2023, Stricharskiy filed the instant Motion to Reduce Sentence. Dkt. 75. As required, Stricharskiy first petitioned the Bureau of Prisons for release. Dkt. 75-2. That petition went unanswered for more than 30 days. Dkt. 77, at 2. Thus, Stricharskiy may now petition the Court for relief. 18 U.S.C. § 3582(c)(1)(A). Stricharskiy's request is based on his suffering from acute coronary syndrome (ACS), his ongoing need for treatment of his ACS and hypertension, and his completion of more than 90% of his sentence. *See generally* Dkt. 75. While in the care of the Bureau of Prisons (BOP), Stricharskiy has undergone multiple surgeries and procedures to treat his ACS (*id*. at 2–3). However, he argues that he is receiving inadequate care from the BOP and fears that remaining in its custody will leave him vulnerable to complications caused by his condition. *Id*. at 9–11. For these reasons, he requests an early release.

### III. LEGAL STANDARD

Stricharskiy seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

MEMORANDUM DECISION AND ORDER - 2

threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. ANALYSIS

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Stricharskiy submitted a request for Compassionate Release with the Warden at USP Yazoo City on March 13, 2023. Dkt. 75-2. His request went unanswered for more

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

than 30 days. Dkt. 75-2, at 2. Thus, the Court finds that under 18 U.S.C. § 3582(c)(1)(A), Stricharskiy has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Having determined that Stricharskiy has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence. Stricharskiy bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13

when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*.

Here, Stricharskiy argues that his ACS and his familial history of heart issues constitute extraordinary and compelling circumstances necessitating compassionate release under the "medical condition" scenario in subdivision (A)[3] of U.S.S.G. 1B1.13. Dkt. 75, at 9. The Court now considers this assertion.

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

    (I)    suffering from a serious physical or medical condition,

    (II)    suffering from a serious functional or cognitive impairment, or

    (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

MEMORANDUM DECISION AND ORDER - 5

Stricharskiy's BOP medical records indicate he is 44 years old and suffers from coronary artery disease. Dkt. 75-1, at 2. His medical records also confirm his familial history of heart problems. *Id*. While in the care of the BOP, and in response to ongoing heart issues, Stricharskiy received two coronary stents. Dkt. 75, at 2. Approximately eight months later, he underwent a Coronary Artery Bypass Graft (CABG) after reporting increasing chest pain. *Id*. at 3. Since the surgery, Stricharskiy has received continued care from a cardiologist. Dkt. 77, at 3.

The Court acknowledges that Stricharskiy's condition is serious, chronic, and may limit his life expectancy. However, it does not find, nor has Stricharskiy argued, that his ACS qualifies as a "terminal illness" under subdivision (A)(i) of U.S.S.G. 1B1.13. Further, Stricharskiy has not shown that his condition has substantially diminished his ability to provide self-care within the environment of a correctional facility under (A)(ii) of U.S.S.G. 1B1.13. On the contrary, Stricharskiy admits that he is currently able to provide basic self-care. Dkt. 75, at 9–10. Instead, he urges the court to look to the recently proposed amendments to § 1B1.13, which will allow for a sentence reduction if: i) a defendant is "suffering from a medical condition that requires long-term or specialized medical care," ii) the defendant is not receiving that care, and iii) without the care, the defendant "is at risk of serious deterioration in health or death." U.S. Sentencing Commission, Amendments to the Sentencing Guidelines § 1B1.13(b)(1)(C) (April 27, 2023), available at https://www.ussc.gov/.

As an initial matter, the proposed amendments to the sentencing guidelines will not take effect until November 1, 2023. It is unclear whether any of the adopted changes will

be made to apply retroactively to cases like Stricharskiy's, where sentencing has already taken place. While the Court can take judicial notice of the proposed amendments, the sentencing commission's applicable policy statement instructs courts to "use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a).

Second, even were the Court to rely on the proposed amendments to § 1B1.13, it would not change the outcome of this decision. Here, there is no question that Stricharskiy suffers from a condition requiring long-term *and* specialized care. However, the record makes clear that he is receiving the care he needs. *See* Dkt. 77-1 (containing dozens of treatment summaries). While in the care of the BOP, Stricharskiy has undergone multiple procedures and a major surgery. *Id*. He has also had regular access to medical staff, including a cardiologist. *Id*. While this team has not been able to totally eliminate Stricharskiy's symptoms, it is not clear that a total elimination of symptoms could be accomplished by *any* medical team. Further, Stricharskiy has not offered any evidence that the care he has received falls below the standard of care he might receive upon release. Thus, the Court cannot find that he is not receiving the care he needs to treat his condition.

Stricharskiy argues that his situation is similar to that of the defendant in *United States v. Luquin,* 2023 WL 2801196 (S.D. Cal. Apr. 5, 2023). However, the defendant in *Luquin* was released upon a showing of inability to perform self-care. *Id*. at *3. Here, Stricharskiy admits that he can care for himself, making *Luquin* irrelevant. Dkt 75, at 11.

*United States v. Sexton*, which Stricharskiy cites to, is similarly unhelpful. 2022 WL 17535711 (W.D. Wash. Dec 8, 2022). In *Sexton*, that court found the defendant's

MEMORANDUM DECISION AND ORDER - 7

ailments—which arose, in part, as the result of a violent attack while incarcerated—constituted extraordinary and compelling circumstances. *Id*. at *1. Nevertheless, it initially denied release considering the 18 U.S.C. § 3553(a) factors. *Id*. Upon a renewed motion, that court found the defendant has assuaged the concerns it raised in its first decision and released him. *Id*. at *4–6. In this case the Court has already explained that Stricharskiy's health conditions are being adequately treated by the BOP, rendering *Sexton* inapplicable.

### C. Applicable Policy Statements

Finally, the Court addresses whether granting Stricharskiy's request for a compassionate release would be consistent with applicable policy statements issued by the U.S. Sentencing Commission, as contained in 18 U.S.C. § 3553(a)(2). The Government argues that Stricharskiy has failed to meet his burden in showing that a lessor sentence would be justified under § 3553(a). Dkt. 77, at 5. The Court agrees. Stricharskiy has a substantial criminal history, as demonstrated in the Presentence Investigation Report. Dkt. 39. Most recently, that history has included the trafficking of methamphetamine, a dangerous controlled substance. *Id*. Further, as an inmate, Stricharskiy has faced formal discipline for his behavior on two separate occasions. Dkt. 77-2. All of this supports a finding that the sentence originally imposed by the Court appropriately weighed the § 3553(a) factors and should be upheld.

## V. CONCLUSION

In sum, the Court finds that Stricharskiy has exhausted his administrative remedies. However, he has failed to demonstrate an "extraordinary and compelling reason" for his release, and has failed to show that such a reduction in his sentence is consistent with the

goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Stricharskiy at this time. Accordingly, the Court must DENY Stricharskiy's motion.

## VI. ORDER

The Court HEREBY ORDERS:

1. Stricharskiy's Motion for Compassionate Release (Dkt. 75) is DENIED.

DATED: September 5, 2023

David C. Nye
Chief U.S. District Court Judge